Filed 8/18/21  P. v. Martinez CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B306140 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA361997) |
| v. | |
| SANTOS MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Renee Korn, Judge.  Reversed and remanded.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Defendant and appellant Santos Martinez (defendant) appeals from the summary denial of his petition for resentencing under Penal Code section 1170.95.[1]  Defendant contends that the trial court was required to appoint counsel and permit briefing prior to determining defendant's eligibility for relief.  We agree with defendant and remand for issuance of an order to show cause and further proceedings consistent with subdivision (d) of section 1170.95.

## BACKGROUND

**The 2013 murder conviction**

In 2013 a jury convicted defendant of first degree murder with findings that a principal personally used and intentionally discharged a firearm causing great bodily injury or death and that the crime was committed for the benefit of a criminal street gang.  The trial court sentenced defendant to a term of 50 years to life in prison.  On direct appeal, we affirmed the judgment in *People v. Martinez* (Dec. 10, 2014, B253468) (nonpub. opn.) (*Martinez I*).[2]

**Trial evidence**

At the time of the murder, both defendant and his codefendant Francisco Gutierrez were active members of the Playboys gang, and the victim Angel Bautista was a member of a rival gang.  Bautista and a friend were waiting outside a market one evening in August 2007, when defendant approached, issued

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

[2]     We summarize procedural history and trial evidence from *Martinez I*, as did the parties.

2

a gang challenge and then fought with him. Gutierrez, wearing black clothing and a black ski mask, emerged from the passenger side of a sports utility vehicle (SUV) belonging to defendant and fatally shot Bautista three times with a shotgun. The SUV left the scene at a high rate of speed and soon crashed into a wall in an alley near the market.

When police officers found the SUV the keys were in the ignition and the air bags had deployed. Defendant's DNA was found in blood on the airbags and other interior objects, as well as on the broken rearview mirror. After his arrest in 2009, defendant was recorded telling a cellmate that he knew he was "fighting a murder case," that he "pulled the job," crashed his car and left blood in the car, and that the police had his DNA.

**The section 1170.95 petition**

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.), which amended section 188 to provide in subdivision (a)(3) that "in order to be convicted of murder [except felony murder], a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." This provision "bars a conviction for first or second degree murder under a natural and probable consequences theory." (*People v. Gentile* (2020) 10 Cal.5th 830, 846.)[3]

_____

[3] Until this amendment, "when a person aided and abetted a nonhomicide crime that then resulted in a murder, the natural and probable consequences doctrine allowed him or her to be convicted of murder without personally possessing malice aforethought. So long as the direct perpetrator possessed malice, and the killing was a natural and probable consequence of the crime the defendant aided and abetted, it did not matter whether

3

Section 1170.95 was added by Senate Bill No. 1437 (2017-2018 Reg. Sess.) to provide a procedure by which those convicted of murder can seek retroactive relief if the changes in sections 188 or 189 would affect their previously affirmed convictions. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722.)  As relevant here, a person is entitled to relief under section 1170.95 if he was convicted of murder under the natural and probable consequences theory and all of the following conditions apply: (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of . . . murder under the natural and probable consequences doctrine," (2) he "was convicted of first degree or second degree murder following a trial," and (3) he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)

In February 2020, defendant filed a petition for resentencing under section 1170.95.  On April 16, 2020, after a reviewing the court's file, including our appellate opinion in *Martinez I*, the trial court found defendant ineligible for relief under section 1170.95 and summarily denied the petition.  The trial court issued a memorandum of decision explaining its ruling as follows:

> "Notably, the Court of Appeal for the Second District has previously ruled on the underlying issues of fact in this case in *Martinez*.  Petitioner was convicted of first degree murder.  In affirming that conviction, the Court of Appeal[] held that Petitioner Martinez was not convicted under a theory of felony-murder of any

the defendant intended to kill or acted with conscious disregard for human life." (*People v. Gentile, supra*, 10 Cal.5th at p. 845, citing *People v. Chiu* (2014) 59 Cal.4th 155, 165-166.)

4

degree, or on an aider abettor theory of natural and probable consequences. 'In this case, the prosecutor's arguments and the evidence leaves no reasonable doubt that the jury based its first degree murder verdict on one of two valid legal theories: that the defendant directly aided and abetted the crime of first degree murder, or that defendant was guilty of first degree murder under a conspiracy theory.' The Court of Appeal[] specifically found that counsel's arguments and the instructions made clear that the jury could not find defendant Martinez guilty of first degree murder unless he harbored the required mental state of intent to kill. Accordingly, in affirming Petitioner's first degree murder conviction, the Court of Appeal[] found that jurors found the Petitioner had intent to kill the victim."

Defendant filed a timely notice of appeal from the order.

## DISCUSSION

Defendant contends that that the summary denial of his petition without first appointing counsel and permitting briefing was error and resulted in a violation of his federal constitutional rights to due process and the assistance of counsel.

Defendant relies on *People v. Cooper* (2020) 54 Cal.App.5th 106 (*Cooper*), review granted November 10, 2020, S264684, which held "that when a petitioner files a facially sufficient petition requesting counsel, . . . the trial court must appoint counsel and give the parties an opportunity to submit briefing before denying the petition." (*Id.* at p. 112.)

In *People v. Lewis* (July 26, 2021, S260598) ___ Cal.5th ___ [2021 Cal.LEXIS 5258] (*Lewis*), our Supreme Court agreed with *Cooper* and held that if a defendant files a facially compliant petition and requests the appointment of counsel, the trial court

5

must appoint counsel and entertain further briefing regardless of whether the record of conviction unequivocally demonstrates that the defendant is not entitled to relief.  (*Id.* at pp. 10, 15.)  Only after such further briefing does the trial court determine whether a petitioner has made a prima facie case for relief under section 1170.95, subdivision (c).  (*Lewis*, at p. 29.)  The trial court and "the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether" the petitioner has done so.  (*Id.* at p. 32.)  Not until that time may the trial court deny the petition where the record of conviction shows *as a matter of law* that the petitioner is not eligible for relief.  (*Id.* at pp. 30-31.)

As defendant's petition was facially compliant and he requested counsel, *Lewis* dictates the conclusion that the trial court erred in summarily denying defendant's petition.  *Lewis* provides that error in summarily denying a section 1170.95 petition is reviewed under the standard of *People v. Watson* (1956) 46 Cal.2d 818, 836, and thus any such error is harmless unless the defendant can show """"it is reasonably probable that if [he or she] had been afforded assistance of counsel [and briefing] his [or her] petition would not have been summarily denied without an evidentiary hearing."""" (*Lewis, supra*, 2021 Cal.LEXIS at p. 36.)  Here, the trial court appears to have primarily relied on our opinion in *Martinez I*.  Defendant has cited other parts of the record of conviction, such as jury instructions and the prosecutor's arguments to the jury, which demonstrate a reasonable probability that appointed counsel would have persuaded the court not only to grant the petition, but also to issue an order to show cause, as we explain.

6

A petitioner is ineligible for relief under section 1170.95 as a matter of law if, like defendant, he was not convicted of felony murder or murder under a natural and probable consequences theory. (*People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1166-1167; see § 1170.95, subd. (a).) Defendant brought a direct appeal from his 2013 judgment of conviction, challenging the jury's finding of first degree murder. (*Martinez I*, *supra*, B253468.) In that appeal he argued that the jury instructions improperly permitted the jury to convict him of first degree murder as an aider and abettor under the natural and probable consequences doctrine. (*Ibid.*)

In our 2014 holding we found the jury instructions given to be deficient as the jury was instructed that it could find defendant guilty of murder under two alternate theories of aiding and abetting: directly aiding and abetting the shooting (CALCRIM No. 401) or by aiding and abetting the target crime with murder as the natural and probable consequence (CALCRIM No. 403). The jury was specifically not told that defendant could not be guilty of first degree premeditated murder under the natural and probable consequences doctrine (*People v. Chiu, supra*, 59 Cal.4th 155). We then determined that based on the evidence and arguments made at trial there was no reasonable doubt that the jury reached its verdict on one of two then valid legal theories: that defendant was a direct aider and abettor of first degree murder or that he was guilty of murder under a conspiracy theory. (*Martinez I, supra*, B253468.)

Viewing *Martinez I* through the lens of current criminal law in California, we readily see that the conspiracy theory advanced in defendant's trial is no longer a valid theory of conviction for murder. (See *People v. Offley* (2020) 48

7

Cal.App.5th 588, 599.)  Therefore it is impossible to now conclude that the record of conviction shows as a matter of law that defendant was not convicted under the natural and probable consequence doctrine as alleged in his section 1170.95 petition. Rather, a determination of defendant's entitlement to resentencing is properly made upon an evidentiary hearing pursuant to the procedures and burden of proof set forth in section 1170.95, subdivision (d).  (*Lewis, supra*, 2021 Cal.LEXIS 5258.)

## DISPOSITION

The order denying the petition for resentencing is reversed. The matter is remanded to the superior court for the issuance of an order to show cause and further proceedings in accordance with Penal Code section 1170.95, subdivision (d).

_____
CHAVEZ, J.

We concur:


_____
ASHMANN-GERST, Acting P. J.


_____
HOFFSTADT, J.

8